

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Jason P. Garelick*
*Special Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey  07102*

*(973) 645-2700*

September 16, 2020

Elisa Ambrosio, Esq.
292 Lafayette Street
Newark, NJ 07105

Re:  Plea Agreement with Trustworthy, LLC

Dear Ms. Ambrosio:

This letter sets forth the plea agreement between your client, Trustworthy LLC. ("TRUSTWORTHY or Defendant"), through its principal Derico Ferreira ("FERREIRA"), and the United States Attorney for the District of New Jersey ("this Office"). FERREIRA is obligated to all terms and condition of this plea agreement as principal of TRUSTWORTHY, including the obligation to make restitution payments. This Office's offer to enter into this plea agreement will expire on **September 25, 2020** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from TRUSTWORTHY, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a one count Information charging TRUSTWORTHY with willfully violating  Occupational Safety and Health Administration ("OSHA") regulation 29 CFR part 1926.501(b)(13), causing death to an employee in violation of 29 U.S.C. § 666(e).  If Defendant, through its principal, FERREIRA, enters a guilty plea and is sentenced to five years of probation on this charge (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against TRUSTWORTHY or its principal, FERREIRA, for their participation in violating 29 CFR § 1926.501(b)(13) resulting in the death of an employee in or around Fairlawn, New Jersey, on or about October 15, 2016.

However, if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, TRUSTWORTHY, through its principal, FERREIRA, agrees that any dismissed charges and any other charges that are not time-barred by

the applicable statute of limitations on the date this agreement is signed may be commenced against Defendant, notwithstanding the expiration of the limitations period after the signing of the agreement.

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information related to sentencing, and such information may be used by the Court in determining TRUSTWORTHY's sentence. In the event that the Court defers a decision to accept the plea until the court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea.

Sentencing

The violation of Title 29 U.S.C. § 666(e) charged in Count One of the Information to which Defendant, through its principal FERREIRA, agrees to plead guilty carries a statutory maximum prison sentence of 6 months, a maximum sentence of 5 years of probation, and a maximum fine of $500,000 or twice the gross pecuniary gain to the defendant or twice the gross pecuniary loss to a person other than the defendant, whichever is greater. 18 U.S.C. §§ 3571(c) & (e). Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on TRUSTWORTHY, the sentencing judge: (1) will order TRUSTWORTHY to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) may order TRUSTWORTHY, pursuant to 18 U.S.C. § 3555, to give notice to any victims of offense.

Sentencing Agreement

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and TRUSTWORTHY agree that a sentence of 5 years of probation is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence TRUSTWORTHY to 5 years of probation. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, TRUSTWORTHY has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw its plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663,

TRUSTWORTHY agrees to pay restitution in the amount of $305,275.00, consisting of $300,000 to reimburse the decedent victim's estate for the income lost by the victim's estate as a result of TRUSTWORTHY'S offense, and $5,275.00 to pay the decedent victim's estate an amount equal to the cost of necessary funeral and related expenses.  Restitution will be due immediately upon sentencing, but, at a minimum, shall be paid according to a plan established by the Court. Neither the existence of a restitution payment plan nor TRUSTWORTHY's timely payment of restitution according to that plan will preclude the United States from immediate collection of the restitution.

Notwithstanding, prior to sentencing (or by a date agreed to by the United States), TRUSTWORTHY agrees to pay towards restitution $5,275.00. Defendant agrees that all funds paid towards restitution prior to sentencing will be held by the Clerk's Office for distribution upon the entry of a restitution order. Payment will be in the form of a check made out to U.S. Treasury Department.  Defendant agrees to execute a consent order authorizing the Clerk of the United States District Court for the District of New Jersey to deposit monies from or on behalf of the Defendant into the Court's registry.

Defendant further agrees that within 10 days of the execution of this plea agreement, Defendant shall complete and submit a Financial Disclosure Statement provided by the United States, along with all documents supporting Defendant's stated assets and liabilities. The defendant agrees to cooperate fully with the Financial Litigation Unit with respect to requests for additional information pertaining to Defendant's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning its assets and liabilities and its ability to pay restitution.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Defendant's activities and relevant conduct with respect to this case.

Stipulations

This Office and TRUSTWORTHY, through its principal FERREIRA, agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  To the extent that the parties do not

- 3 -

stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement.  Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either the United States or TRUSTWORTHY from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the United States' right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the United States and TRUSTWORTHY agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Defendant further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, it will not challenge its conviction for any reason by any means, other than ineffective assistance of counsel, and it will not challenge or seek to modify any component of its sentence for any reason by any means, other than ineffective assistance of counsel.  The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the Defendant or its principal FERREIRA.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and

- 4 -

Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Defendant or its principal FERREIRA.

No provision of this agreement shall preclude Defendant, through its principal, FERREIRA, from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Defendant, through its principal, FERREIRA, received constitutionally ineffective assistance of counsel.

## Agreements Relating to Sentencing

In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulate and agree that the appropriate disposition for Defendant for this case is a sentence of 5 years' probation and restitution to be paid in the amount of $305,275.00. The parties also agree that as part of Defendant's probation, TRUSTWORTHY, through its principal, FERREIRA, will comply with the below specified conditions:

To the extent that Defendant continues in business as a framing/ roofing/ and construction contractor, Defendant, through its principal, FERREIRA, agrees to implement the following measures ("Enhanced Abatement Provisions") for a period of 5 years as conditions of probation. FERREIRA is obligated to all terms and conditions as principal of TRUSTWORTHY:

a) No later than the date of sentencing, Defendant shall develop and implement a comprehensive written company safety and health plan, including a daily safety checklist to be used at each worksite/job. Defendant shall provide a copy of its written safety and health plan to OSHA's Hasbrouck Heights Area Office.

b) For each job that Defendant bids on, Defendant shall consider the likely safety and health hazards of the job and the anticipated cost of any equipment or other measures that would be needed to ensure the safety of employees on the job, and shall incorporate such considerations into Defendant's bid for the job.

c) For each of its worksites/jobs, Defendant shall develop and implement a site-specific safety plan, addressing anticipated hazards including but not limited to fall hazards and use of ladders. Each site-specific safety plan shall specify what types of fall protection will be used for each stage of the job.

d) For each of its worksites/jobs, Defendant shall designate an onsite safety supervisor with authority to correct hazardous conditions, and with responsibility for ensuring that the company safety plan and site-specific safety plan are implemented at the worksite.

- 5 -

e) For each of Defendant's worksites/jobs, the designated site safety supervisor shall conduct a site safety assessment/inspection on at least a daily basis, and shall conduct a site safety meeting with the crew at least daily, including at the start of each workday. The site safety supervisor will also inspect all fall protection equipment used on the job and will monitor and enforce the use of fall protection.

f) For each of Defendant's worksites/jobs, the designated site safety supervisor shall complete and maintain a daily safety checklist to document: implementation of a site-specific safety plan addressing anticipated hazards, including but not limited to fall hazards and use of ladders; completion of the daily safety assessment/inspection; completion of the site safety meeting, including names of attendees; and any safety deficiencies observed and/or corrections made by the site safety supervisor during the course of the day. Defendant shall retain the completed checklists and make them available to OSHA upon request.

g) Defendant shall ensure that by no later than the date of sentencing, all of its employees receive training from Defendant regarding Defendant's company safety and health plan, and that any additional employees hired by Defendant receive such training at the start of their employment. In addition, Defendant shall ensure that its principal, FERREIRA, completes the OSHA 30-hour safety training by the date of sentencing, and that any other supervisory employees of Defendant (employees who may be designated as site safety supervisors) also complete the OSHA 30-hour safety training.

h) For a period of one year, Defendant shall notify OSHA Hasbrouck Heights Area Office, by fax to 201-288-7315, of the address and expected dates of each of Defendant's jobs occurring in Bergen or Passaic Counties. Such notification shall be provided at least one week in advance of the start of the job.

i) Defendant shall permit warrantless entry by OSHA at all of its worksites.

In the event that the principal, FERREIRA, of TRUSTWORTHY, begins doing business in the construction industry via a business entity other than TRUSTWORTHY – whether as an owner, partner, or officer of another entity, or as an unincorporated sole proprietor – then all of the Enhanced Abatement Provisions required herein shall apply to any such business; and FERREIRA shall notify OSHA Hasbrouck Heights Area Office of such business, including the name and contact information of such business, within 10 days of FERREIRA commencing such business.

- 6 -

Accordingly, if the Court accepts this plea agreement, Defendant will be sentenced as specified above.

No Other Promises

This agreement constitutes the plea agreement between TRUSTWORTHY (through its principal FERREIRA) and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JASON P. GARELICK
Special Assistant U.S. Attorney

APPROVED:

NICHOLAS GRIPPO
Deputy Chief, Criminal Division

I have received this letter from my attorney, Elisa Ambrosio, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, immigration consequences, and the Enhanced Abatement Provisions, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


DENICO VERREINA                                    Date: 09/21/2020
Derico Ferreira, as Principal of Trustworthy LLC


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver,   and immigration consequences, and the Enhanced Abatement Provisions, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____              Date:      09/22/2020
Elisa Ambrosio, Esq.
Counsel for Trustworthy LLC


- 8 -

Plea Agreement with Trustworthy LLC

Schedule A

Factual Stipulation

1.      This Office and Trustworthy LLC ("TRUSTWORTHY" or "Defendant") through its principal Derico Ferreira ("FERREIRA") agree to and stipulate to the following fact:

a.      On or about October 15, 2016, TRUSTWORTHY LLC was an employer that willfully violated OSHA Standard 29 C.F.R. § 1926.501, by failing to provide or require employees to wear harnesses or utilize other fall protection measures while working on a roof of a residential building, which caused the death of an employee.

Rule 11(c)(1)(C)

2.      In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulate and agree that the appropriate disposition for Defendant for this case is a sentence of 5 years' probation and restitution to be paid in the amount of $305,275.00, and an order requiring Defendant to comply with the above specified conditions.

The parties also agree that as part of Defendant's probation, TRUSTWORTHY will abide by the special conditions outlined on pages 5-6 in this agreement.  Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

3.      TRUSTWORTHY knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is five (5) years of probation.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is five (5) years of probation.  Furthermore, if the sentencing court imposes a sentence consistent with the agreed upon sentence set forth in this paragraph, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

4.      Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.